IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00470-MSK-MJW

PAHLAVI ALI PATRICK, a/k/a Valiolla Gnassemi Dakdare,

    Petitioner,

v.

ALBERTO GONZALES, United States Attorney General,

    Respondent.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

    **THIS MATTER** comes before the Court pursuant to the Respondent's Motion to Dismiss **(# 17)**.

    According to the Petitioner's Amended Petition for a Writ of *Habeas Corpus* **(# 5)**, the Petitioner is an Iranian national, and has been held in the custody of the Bureau of Immigration and Customs Enforcement since July 13, 2006. He contends that his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Respondent moves **(# 17)** to dismiss the action as moot, stating that the Petitioner has been released from custody under an Order of Supervision. The Petitioner has not responded to the Respondent's motion.[1]

---

[1] The docket indicates that a mailing to the Petitioner's address of record – at the Immigration and Customs Enforcement Processing Center – was returned to the Clerk of the Court with a notation reading "released" **(# 19)**. The Court currently has no valid mailing address for the Petitioner. *See* D.C. Colo. L. Civ. R. 10.1(M) (parties must promptly notify the Court of any change of address).

1

The Court has jurisdiction over a *habeas* petition only so long as the Petitioner remains "in custody." 28 U.S.C. § 2241(c)(1). The release of the Petitioner from physical custody does not necessarily moot the action if the deprivation he complains of is a wrong capable of repetition but evading review, or if the Respondent has voluntarily ceased the allegedly illegal deprivation, but is free to resume it at any time. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002). The Court finds that the Petitioner's release subject to certain stated conditions does not invoke the "capable of repetition yet evading review" doctrine, as that doctrine applies only where the challenged action is of such short duration as to cease before it can be fully litigated, and where there is a reasonable expectation that the Petitioner would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Here, there is no indication that the Petitioner should reasonably believe that he would again be subjected to extended detention in violation of *Zadvydas*. Similarly, the "voluntary cessation" doctrine does not apply here, where there is no indication that the Respondent has released the Petitioner with the intention of later rescinding that release, simply to evade review. *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001); *see generally Suarez-Tejeda v. U.S.*, 85 Fed.Appx. 711, 716 (10th Cir. 2004) (unpublished).

Accordingly, because the Petitioner is no longer in the physical custody of the Respondent, and there is no apparent justification for invoking exceptions to the doctrine of mootness, the Respondent's Motion to Dismiss **(# 17)** is **GRANTED**.  The Petition **(# 5)** is **DISMISSED AS MOOT**.  The Clerk of the Court is directed to close this case.

Dated this 19th day of February, 2008

                                        **BY THE COURT:**

                                        */s/ Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge